### William A. Pridmore et al., Appellees, v. Robert Wilson et al., Appellants.

### Gen. No. 15,384.

BROKERS AND FACTORS—*when entitled to commissions.* An agent for the sale of real estate whose authority was not exclusive is entitled to commissions if he is instrumental in the bringing together of the buyer and the seller and thus becomes the procuring cause of the sale although the actual conclusion of the sale may have been effected without his presence and knowledge.

Assumpsit. Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed January 3, 1911.

WILLIAM A. JENNINGS, for appellants.

LOUIS T. ORR, for William A. Pridmore, appellee.

MATHER & HUTSON, for Edwin Bowes, Jr., Fred M. Bowes and John R. Bowes, appellees.

MR. JUSTICE BROWN delivered the opinion of the court.

The appellees (plaintiffs) in this cause brought suit against the appellants (defendants) in the Circuit Court to the August term thereof 1906. It came to trial before a jury at the October term thereof 1908, and resulted in a verdict for the plaintiffs for the sum of $2,500. A motion for a new trial was made by the defendants and overruled by the court and judgment rendered on the verdict. The defendants thereupon appealed to this court and have assigned various errors in this court, but insist in argument only on the positions that the verdict and judgment thereon were against the weight of the evidence; that the court erred in refusing one instruction hereinafter referred to; and that the verdict, even if it were to be for the plaintiffs, should in no event have been for more than $2,000.

The claim of the plaintiffs was for commissions as real estate brokers on the sale of real estate in Chicago belonging to the defendants and sold by them for $100,000 to the "Robinson Estate," of which one Frederick Robinson of Racine, Wisconsin, who conducted the negotiations for the purchasers, is an heir, and of which one Fuller, who took the title, is trustee.

There is no contradiction by defendants of the facts that the defendants, who were the owners of the property at 1322 and 1326 Michigan avenue, wished to sell it for $100,000, and that they had given authority to the three Bowes Brothers, who were doing business under the name of the Bowes Investment Company, to sell it for that price. This, as appears from a letter from the defendants to the Bowes Investment Company, of the date of April 3, 1906, introduced in evidence, was an exclusive authority or agency at that time. The defendants say: "We have not given an option to anybody on the Michigan Avenue property. We have quoted a price of $100,000 to quite a number back some months ago, and we have also written today The Walter H. Wilson Co. that you

Pridmore v. Wilson, 159 Ill. App. 343.

have the property for sale. We will take pleasure in doing same with any other inquiries we receive."

In the early part of 1905—a year before this letter—there is evidenec to show the defendants had told one of the Bowes that if they could secure a purchaser for the property at $100,000, the defendants would consider it favorably, and that Mr. Bowes had said that if the defendants would give them (the Bowes Investment Company) the exclusive agency for the sale of the property, that they would sell it for a commission of two per cent.

After writing the letter of April 3, 1906, to the Bowes Investment Company, the defendants, who resided in Middletown, Ohio, received a letter and a telegram from the plaintiff Pridmore, who, like the Bowes Brothers was a real estate agent and broker in Chicago, concerning the sale of the property. There had been previous correspondence between the defendants and Pridmore concerning it, and Pridmore had been also corresponding about it with Robinson, who subsequently became the purchaser.

We allude here to the particular letter and telegram mentioned only to call attention to the fact that the answer of the defendants by telegram and letter to Pridmore referred him to the Bowes Investment Company. In the letter the defendants said: "We had so many inquiries in regard to the property from different parties that we concluded to put it into the hands of the above firm, thinking it best for ourselves. Would be pleased to have you confer with Bowes Investment Company and you may be able to divide if you make the sale on commission."

The exclusive agency thus conferred or evidenced was apparently alluded to as an "option" thereafter, but it is quite plain that only this exclusive agency is meant when that word is used in the correspondence.

The plaintiffs were making, through Mr. Pridmore, who had formed an alliance with the Bowes brothers

to carry through a sale of the property if possible on the basis of an equal division of the commissions, a vigorous effort to sell the property to the Robinson Estate.

There had been talk in the letters written on the part of the defendants of a possible withdrawal on May 1, 1906, of the property from sale at the price theretofore set, and alluding to the sale which he was trying to negotiate with the Robinson estate, Pridmore wrote to the Bowes Investment Company, under date of April 28, 1906, suggesting that he wanted a little more time to carry the deal through. This letter F. M. Bowes sent to the defendants.

May 1st the defendants wrote to the Bowes Company acknowledging the receipt of Pridmore's letter, which had been forwarded to them by F. M. Bowes, and saying:

"As your option which we extended to yesterday is out for the sale of the property, we have concluded to withdraw all options and give the sale of the Michigan avenue property to any broker who reports the sale first. There are so many inquiries about it that we have concluded to put it in that shape and hope that you will be the party who will first report to us a sale of the property."

We think that despite the use of the word "option" in this letter, the real intent and meaning of it are shown by the other evidence to be that the exclusive agency theretofore existing in the Bowes brothers was revoked and that thereafter they were on the same basis, both as to authority and compensation, as any real estate broker would have been who, without any express contract regarding commissions, had been given authority, but not exclusive authority, to offer the property for sale.

Under the law applying to such cases, if they were instrumental in bringing together the buyers and sellers, and thus became the procuring cause of a sale of said property, they were entitled to the usual, rea-

sonable and ordinary commissions, although the actual conclusion of the sale may have been effected without their presence or knowledge.

The property was sold by the defendants to the Robinson Estate some time in May, 1906, and apparently, although the evidence is confusing on this point, for $100,000.

That the jury were justified in finding under the evidence in this cause that the plaintiffs jointly were the original procuring cause of this sale, that they found the purchasers and brought buyers and sellers together, in pursuance of authority given them for that purpose, seems plain. That the amount awarded as compensation was justified by the evidence as the usual, ordinary and reasonable commission, is also plain. The fact that there was, after May 1st, the intervention of another party and that the plaintiffs were not present at or informed of the final consummation of the deal should not deprive them of their fairly earned reward.

Appellants complain of the refusal of an instruction offered by them. It was not applicable to the evidence in the cause and would have been misleading.

The judgment of the Circuit Court is affirmed.

*Affirmed.*